IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY WILLIAMS,

    Plaintiff,

vs.

CORCORAN STATE PRISON, et al.,

    Defendants.

CV F 02 6016 REC WMW P

ORDER

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against defendant Correctional Officials employed by the Department of Corrections at Corcoran State Prison.

    This action proceeds on the March 3, 2003, first amended complaint.  Plaintiff names the following individual defendants: Director of the California Department of Corrections; George Galaza, Warden at CSP Corcoran in 2002; Associate Warden Marvin Meske; Correctional Officer (C/O) Kee; C/O Syra; C/O Andrews; C/O Hill; C/O Tilther; Dr. Hasadras, M.D.; Dr. Haradris, M.D.; Law Librarian Park; C/O Castellon; C/O Prunata; C/O Holguin; C/O Martinez; C/O Bee Bee; C/o Stain; C/O Smith; C/O Revera.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court will address plaintiff's factual allegations as he sets them forth in the first amended complaint.  Plaintiff alleges that during November of 2001 he was subjected to verbal harassment from C/O Tilther.  Tilther threatened to physically and sexually assault plaintiff.   Plaintiff contends that this constitutes "mental abuse" and that he is entitled to relief, as he is subject to an "unsafe condition."  Allegations of threats and harassment do not state a claim cognizable under 42 U.S.C § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).  Plaintiff's allegations do not rise to the level of a constitutional violation.  See 42 U.S.C. § 1997(e)(prisoners cannot bring civil suits in federal court for mental or emotional injuries

suffered while incarcerated unless they first show that they suffered physical injury). Plaintiff has failed to allege facts sufficient to state a claim for relief. This claim must therefore be dismissed.

Plaintiff alleges that on May 19, 2002, he was deprived of his television set for a rule violation. Plaintiff alleges that he was "cell extracted." Specifically, plaintiff alleges that Lt. Hill directed Sergeant Jackson (not named as a defendant) to "pepper spray plaintiff's body." Sgt. Jackson did so, resulting in plaintiff "being soaked" by the pepper spray.

Liberally construed, plaintiff has alleged facts sufficient to state a claim for relief as to defendant Hill and Sergeant Jackson for excessive force. As to any claim regarding his television set, because California has an adequate post-deprivation remedy, Clark has no cognizable claim under § 1983 for the negligent or intentional deprivation of his property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994).

Plaintiff alleges that in November of 2000 he suffered from a fractured hand and "knee pain." He was seen by the physician at the 4B facility. Plaintiff was referred to defendant Dr. Smith, and orthopedic physician. Plaintiff alleges that Dr. Smith refused to see plaintiff. Plaintiff continued to seek referrals, and Dr. Smith continued to refuse to see plaintiff. Plaintiff was not seen by Dr. Smith until August of 2002.

Plaintiff alleges that in August of 2002, Dr. Hasadras discontinued plaintiff's medication for back pain, "because the guards told Dr. Hasadras not to help plaintiff for four months." Plaintiff's requests to reorder his medication were denied by Dr. Hasadras.

Liberally construed, plaintiff has stated a claim for deliberate indifference as to Dr. Smith and Dr. Hasadras.

The balance of the factual allegations relate to a conspiracy to harm plaintiff's family. Plaintiff alleges that he was threatened with death, and that "guards" were going to harm his family. Plaintiff seeks to hold defendants liable on a theory of conspiracy. Pursuant to 42

1  U.S.C. § 1985, conspiracies to interfere with civil rights are proscribed. <u>Sanchez v. City of Santa
2  Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1990); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839
3  F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is
4  insufficient to state a claim under 42 U.S.C. § 1985. <u>Karim-Panahi</u>, 839 F.2d at 626. Plaintiff
5  must demonstrate that there was an agreement between the defendants to violate his
6  constitutional rights. <u>See</u> <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989);
7  <u>Fonda v. Gray</u>, 707 F.2d 435, 438 (9th Cir. 1983). Although the Federal Rules adopt a flexible
8  pleading policy, a complaint must give fair notice and state the elements of a claim plainly and
9  succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
10 must allege with at least some degree of particularity overt acts which defendants engaged in that
11 support plaintiff's claim. <u>Id</u>.

12       The only specific conduct charged to defendants is verbal. As noted above,
13 verbal conduct is insufficient to state a claim for relief. There are no allegations that plaintiff or
14 any of his family suffered any injury. Plaintiff contends that defendants' conduct amounts to a
15 criminal conspiracy. This court does not have any authority to charge defendants with any
16 criminal conduct. Plaintiff's remedy is with the law enforcement authorities in the county in
17 which he is incarcerated. As to plaintiff's allegations of conspiracy under the Civil Rights Act,
18 he has failed to state a claim for relief.

19       The first amended complaint states a claim for excessive force and deliberate
20 indifference to medical care as described above. The remaining claims and defendants should
21 therefore be dismissed. The court will grant plaintiff an opportunity to file a second amended
22 complaint that cures the defects noted in this order. Should plaintiff fail to file a second
23 amended complaint, this action will proceed on the first amended complaint against defendants
24 Hill, Jackson, Smith and Hasadras. The court will recommend dismissal of the remaining claims
25 and defendants.

26

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint.

IT IS SO ORDERED.

**Dated:   October 24, 2005**            **/s/  William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE