IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY WILLIAMS,

        Plaintiff,                CV F 02 6016 REC WMW   P

   vs.                           FINDINGS AND RECOMMENDATION

CORCORAN STATE PRISON, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against defendant Correctional Officials employed by the Department of Corrections at Corcoran State Prison.  This action proceeds on the March 3, 2003, first amended complaint. Plaintiff names the following individual defendants: Director of the California Department of Corrections; George Galaza, Warden at CSP Corcoran in 2002; Associate Warden Marvin Meske; Correctional Officer (C/O) Kee; C/O Syra; C/O Andrews; C/O Hill; C/O Tilther; Dr. Hasadras, M.D.; Dr. Haradris, M.D.; Law Librarian Park; C/O Castellon; C/O Prunata; C/O Holguin; C/O Martinez; C/O Bee Bee; C/o Stain; C/O Smith;

1

1   C/O Revera.

2        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

3   defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

4   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a

5   plaintiff must allege that: (1) a person was acting under color of state law at the time the

6   complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

7   privileges or immunities secured by the Constitution or laws of the United States. Paratt

8   v.Taylor, 451 U.S. 527, 535 (1981).

9        The statute plainly requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

11  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

13  constitutional right, within the meaning of section 1983, if he does an affirmative act,

14  participates in another's affirmative acts or omits to perform an act which he is legally required

15  to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d

16  740, 743 (9th Cir. 1978).  The court will address plaintiff's factual allegations as he sets them

17  forth in the first amended complaint. Plaintiff alleges that during November of 2001 he was

18  subjected to verbal harassment from C/O Tilther. Tilther threatened to physically and sexually

19  assault plaintiff. Plaintiff contends that this constitutes "mental abuse" and that he is entitled to

20  relief, as he is subject to an "unsafe condition." Allegations of threats and harassment do not

21  state a claim cognizable under 42 U.S.C § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.

22  1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut

23  v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

24  Plaintiff's allegations do not rise to the level of a constitutional violation. See 42 U.S.C. §

25  1997(e)(prisoners cannot bring civil suits in federal court for mental or emotional injuries

26

suffered while incarcerated unless they first show that they suffered physical injury). Plaintiff

has failed to allege facts sufficient to state a claim for relief. This claim must therefore be

dismissed.

Plaintiff alleges that on May 19, 2002, he was deprived of his television set for a

rule violation. Plaintiff alleges that he was "cell extracted." Specifically, plaintiff alleges that

Lt. Hill directed Sergeant Jackson (not named as a defendant) to "pepper spray plaintiff's body."

Sgt. Jackson did so, resulting in plaintiff "being soaked" by the pepper spray.  Liberally

construed, plaintiff has alleged facts sufficient to state a claim for relief as to defendant Hill and

Sergeant Jackson for excessive force. As to any claim regarding his television set, because

California has an adequate post-deprivation remedy, Clark has no cognizable claim under § 1983

for the negligent or intentional deprivation of his property. See Barnett v. Centoni, 31 F.3d 813,

816-17 (9th Cir.1994).  Plaintiff alleges that in November of 2000 he suffered from a fractured

hand and "knee pain." He was seen by the physician at the 4B facility. Plaintiff was referred to

defendant Dr. Smith, and orthopedic physician. Plaintiff alleges that Dr. Smith refused to see

plaintiff.   Plaintiff continued to seek referrals, and Dr. Smith continued to refuse to see plaintiff.

Plaintiff was not seen by Dr. Smith until August of 2002.    Plaintiff alleges that in August of

2002, Dr. Hasadras discontinued plaintiff's medication for back pain, "because the guards told

Dr. Hasadras not to help plaintiff for four months." Plaintiff's requests to reorder his medication

were denied by Dr. Hasadras.  Liberally construed, plaintiff has stated a claim for deliberate

indifference as to Dr. Smith and Dr. Hasadras.

The balance of the factual allegations relate to a conspiracy to harm plaintiff's

family. Plaintiff alleges that he was threatened with death, and that "guards" were going to harm

his family. Plaintiff seeks to hold defendants liable on a theory of conspiracy. Pursuant to 42

U.S.C. § 1985, conspiracies to interfere with civil rights are proscribed. Sanchez v. City of Santa

Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Department, 839

1   F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is

2   insufficient to state a claim under 42 U.S.C. § 1985. Karim-Panahi, 839 F.2d at 626. Plaintiff

3   must demonstrate that there was an agreement between the defendants to violate his

4   constitutional rights. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989);

5   Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983). Although the Federal Rules adopt a flexible

6   pleading policy, a complaint must give fair notice and state the elements of a claim plainly and

7   succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff

8   must allege with at least some degree of particularity overt acts which defendants engaged in that

9   support plaintiff's claim. Id.

10          The only specific conduct charged to defendants is verbal. As noted above,

11  verbal conduct is insufficient to state a claim for relief. There are no allegations that plaintiff or

12  any of his family suffered any injury. Plaintiff contends that defendants' conduct amounts to a

13  criminal conspiracy. This court does not have any authority to charge defendants with any

14  criminal conduct. Plaintiff's remedy is with the law enforcement authorities in the county in

15  which he is incarcerated. As to plaintiff's allegations of conspiracy under the Civil Rights Act,

16  he has failed to state a claim for relief.  The first amended complaint states a claim for excessive

17  force and deliberate indifference to medical care as described above. The remaining claims and

18  defendants should therefore be dismissed.

19          On October 24, 2005, an order was entered, granting plaintiff leave to file an

20  amended complaint.  Plaintiff was specifically cautioned that his failure to do so would result in

21  a recommendation that certain defendants and claims be dismissed.   Plaintiff has failed to file an

22  amended complaint.

23          Accordingly, IT IS HEREBY RECOMMENDED that defendants Galaza, Meske,

24  Kee, Syra, Andrews, Tilther, Haradris, Park, Castellon, Prunata, Holguin, Martinez, Bee, Revera

25  be dismissed and plaintiff's conspiracy claim be dismissed.

26

1        These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

3   thirty days after being served with these findings and recommendations, any party may file

4   written objections with the court and serve a copy on all parties.  Such a document should be

5   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

6   advised that failure to file objections within the specified time waives all objections to the

7   judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

8   objections within the specified time may waive the right to appeal the District Court's order.

9   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:    March 14, 2006**                    _____/s/  **William M. Wunderlich**_____
    mmkd34                                         UNITED STATES MAGISTRATE JUDGE